IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAURON EDWARD SMITH                                                                PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:13CV195-DPJ-FKB

STEVE GILL                                                                                DEFENDANT

## REPORT AND RECOMMENDATION

Lauron Edward Smith, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 asserting claims relating to the revocation of his post-release supervision (PRS). The Court held a *Spears*[1] hearing on December 18, 2014, at which Smith testified concerning his claims. For the reasons stated herein, the undersigned recommends that this matter be dismissed.

The exact nature of Smith's claims is not entirely clear from his complaint, and his testimony at the hearing did little to remedy this problem. As best as the undersigned can determine, his allegations are as follows. In 2009, he was sentenced in state court in Mississippi for taking of an automobile. He was sentenced to six years, suspended, and three years of PRS. Defendant, Steve Gill, was his probation officer. As a condition of his PRS, Smith signed a waiver of extradition form. Subsequently, Gill filed a petition for revocation, alleging that Smith had failed to report and to pay fees and fines, and a warrant was issued for his arrest. Smith was arrested in March of 2012 in Michigan on the Mississippi warrant. When he appeared before a Michigan judge, he argued that the waiver of extradition was invalid and that he should not be sent to Mississippi. The

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Michigan judge disagreed and concluded that Smith should be transferred to Mississippi without an extradition hearing.  Upon his return to Mississippi, Smith's PRS was revoked, and he was sentenced to serve his original six-year term, which he is currently serving.

Smith apparently seeks damages from Gill on the theory that Gill used an invalid waiver of extradition to have him returned to Mississippi and incarcerated.  Any such action necessarily attacks the validity of his revocation proceeding and resulting incarceration.  It is therefore barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that a plaintiff may not recover damages under § 1983 if a judgment in his favor would necessarily imply the invalidity of an underlying criminal conviction or sentence, unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 487.  If the plaintiff cannot show that the conviction has been invalidated, the complaint must be dismissed.  *Id.*  Smith's PRS revocation has not been invalided.[2]  Thus, his claim for damages fails to state a claim for which relief may be granted and is subject to dismissal.

Accordingly, the undersigned recommends that this matter be dismissed.  The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error,

---

[2]Smith stated at the hearing that an action in which he challenges his revocation is currently pending in the Mississippi Court of Appeals.

2

from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    Respectfully submitted, this the 14th day of January, 2015.

                                            /s/ F. Keith Ball
                                            UNITED STATES MAGISTRATE JUDGE