UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


LAURON EDWARD SMITH                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:13cv195-DPJ-FKB

RICK PRYSOCK, sued in his official and/or individual
capacity; and STEVE GILL, sued in his official and/or
individual capacity                                                                     DEFENDANTS


ORDER OF DISMISSAL

This *pro se* prisoner case is before the Court upon the Report and Recommendation [68] of Magistrate Judge F. Keith Ball, after referral for hearing by this Court. Judge Ball recommends dismissing Plaintiff Lauron Edward Smith's Complaint [1] because Smith's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). A copy of the Report and Recommendation [68] was mailed to Smith on January 14, 2015, but was returned as undeliverable on February 2, 2015. Mail [69, 70] (indicating that prisoner was "Released 1-01-15").

The Court previously warned Smith that failure to keep the Court apprised of his current address could result in dismissal of this action. *See* Order [4] at 2. Moreover, having reviewed the filings in this case, the Court agrees with Judge Ball's finding that *Heck* currently bars this claim. The Court therefore adopts the Report and Recommendation [68] as the opinion of the Court.[1]

---

[1] The Court amends the Report and Recommendation slightly to note that after it was issued, the Mississippi Court of Appeals rejected Smith's motion for post-conviction relief. *See Smith v. Epps*, No. 2013–CP–02097–COA, 2015 WL 233654, at *1–2 (Miss. Ct. App. Jan. 20, 2015). Smith has not yet overcome *Heck*.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and this action is dismissed with prejudice to the claims being asserted again until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

A separate final judgment will be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2015.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE